UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO W. PAULINO CABRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEGRITY STAFFING SOLUTIONS,<br><br>    Defendant. | CIVIL ACTION NO. 1:21-CV-00049<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a complaint ("Complaint") filed on January 8, 2021, by *pro se* Plaintiff Pedro W. Paulino Cabrera against Defendant Integrity Staffing Solutions. (Doc. 1, at 1). In his Complaint, Plaintiff outlines a series of events pertaining to his work and the process he underwent in attempting to demonstrate a physical ailment. (Doc. 1, at 7-9). In addition to his Complaint, Plaintiff attached a Dismissal and Notice of Rights letter from the U.S. Equal Employment Opportunity Commission, an email correspondence from an employee at Integrity Staffing Solutions, an Initial Consultation form for a "Pre-Charge Inquiry Español," an evaluation by Integrity Staffing solutions regarding Plaintiff's physical capabilities, two letters from Orthopedic Associates, a letter from Lancaster Health Center, and a disclosure form. (Doc. 1, at 2-4, 5, 6, 11, 13-14, 15, 16, 17, 18).

Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff shall be granted leave to file an amended complaint.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On January 8, 2021, Plaintiff filed the instant action against Defendant along with an application to proceed *in forma pauperis*.[1] (Doc. 1; Doc. 2). In his Complaint, Plaintiff describes a series of events involving his work and his prosthesis. (Doc. 1, at 7-9). First, Plaintiff describes an incident from May 15, 2020, where he spoke to a "representative" who required him to check a box stating that "if [he] did not deliver [a report of a diagnosis regarding the pain in his knee then] the agency would take it as a voluntary resignation" although he did not wish to check the box. (Doc. 1, at 7). Next, Plaintiff explains that he visited a series of physicians in order to receive an exam and complete his required forms and that he eventually received a letter indicating that he could return to work, but with some restrictions. (Doc. 1, at 7-8). Additionally, Plaintiff states that he attempted to reach "them" regarding his pay for days he was suspended despite being unable to return to work for three weeks.[2] (Doc. 1, at 8). Plaintiff also alleges that Defendant called him "a Mars" and that he was asked to show a security guard his prosthesis. (Doc. 1, at 8, 9). Plaintiff does not explicitly state the injuries he has suffered or damages he seeks. (Doc. 1)

II. **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The Court grants Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) by separate order.

[2] It is unclear to whom Plaintiff is referring, however the Court assumes Plaintiff is referring to Defendant. (Doc. 1, 8).

Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With these standards in mind, *pro se* documents must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, *pro se* plaintiffs are still subject to the base pleading requirements of Rule 8. *Rhett v. NJ State Superior Court*, 260 F. App'x 513 (3d Cir. 2008). If a complaint fails to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. <u>FAILURE TO STATE A CLAIM UNDER RULE 8</u>

Plaintiff's Complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned is sympathetic to Plaintiff's language barrier (*see* Doc. 1, at 6) and status as a *pro se* litigant, the Complaint lacks any legal claims. Construing Plaintiff's complaint liberally, it still fails to meet the pleading requirements of Rule 8. Plaintiff attempts to outline a series of events pertaining to his prosthetic and his employment, however due to

the multitude of incomplete sentences, lack of punctuation, and typographical errors it is uncertain how these facts have led to a legal injury. (Doc. 1, at 7-9). The Court has attempted to interpret Plaintiff's complaint to the best of its ability, but it is unclear what Plaintiff is seeking and what he is alleging. (Doc. 1, at 7-9). Due to its disjointed nature, the Complaint does not provide "concise and direct" allegations. See Fed. R. Civ. P. 8(d)(1); *Scibelli,* 219 F. App'x at 222.

Plaintiff's assertions lack an express link between his factual allegations and any cognizable legal claim. See *Estelle*, 429 U.S. at 106. Throughout his Complaint, Plaintiff focuses on a series of events, but it is difficult to discern where the harmful act lies. (Doc. 1, at 7-9). Plaintiff describes a meeting with a "representative," however it is unclear who this representative is or how he wronged the Plaintiff. (Doc. 1, at 7). Next, Plaintiff discusses his attempt to visit a physician for an exam and the completion of his forms, however it is uncertain if Plaintiff is alleging any wrongdoing pertaining to these facts. (Doc. 1, at 7-8). Plaintiff also explains attempts to contact "him" and "them," although he does not explicitly state to whom he is referring, and it is difficult to understand the events he is alleging. (Doc. 1, at 8). For example, Plaintiff states that "I proceeded to call him . . . then I made him wait three days later I call other days I tell them that they have to pay me those days of suspension and they say that I will not or I am going to salute unemployment." (Doc. 1, at 8). Because Plaintiff fails to use any specific names, there is ambiguity in whom he is referring, what conduct he is alleging occurred, and if this conduct resulted in an injury. Additionally, Plaintiff attempts to explain a procedure in which there were witnesses and Plaintiff testified to some conduct. (Doc. 1, at 9). However, Plaintiff does not state to what this is in reference or if this procedure harmed him in some way. Finally, Plaintiff explains a situation where a

guard asked him to show him his prosthesis. (Doc. 1, at 9). However, Plaintiff does not allege an injury, nor does he plead facts that could lead to a presumption of an injury. Plaintiff must assert a claim sufficient enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *See Twombly*, 550 U.S. at 555. The factual allegations presented in the Complaint lack a specific connection to an alleged wrongdoing and are not sufficient to provide the Defendants with knowledge as to the charges against them.

Overall, the pleading does not provide any meaningful opportunity for the Defendants to decipher or answer Plaintiff's allegations. *See Twombly*, 550 U.S. at 555. It is "rambling and unclear" so as to defy response. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011). The allegations presented in the Complaint are not "simple, concise, and direct" so as to provide the Defendants with knowledge as to with what they are being charged, and therefore it is difficult to understand which factual allegations are connected to the conduct that led to Plaintiff's injuries. *See* Fed. R. Civ. P. 8(d)(1). Because Plaintiff alleges an abundance of information with no legal claims, it is arduous to discern what he is asserting. Plaintiff must adhere to Rule 8 by limiting his complaint to concise allegations of specific conduct that he believes violated his constitutional rights. *See Scibelli*, 219 F. App'x. 221 at 222 (dismissing a complaint because, among other reasons, it did not "qualif[y] as a short and plain statement of a federal claim").

B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to

amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Plaintiff leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Plaintiff is advised to follow each claim with a corresponding good-faith request for relief. Moreover, an amended complaint must, pursuant to Rule 20(a), name only those Defendants implicated in the transaction or occurrence giving rise to Plaintiff's claims and whose involvement in the suit presents a common question of law or facts. Plaintiff must limit claims to those by which he has suffered actual harm due to the actions of the Defendants. Finally, Plaintiff must not include any extraneous information that does not directly involve an alleged act constituting a violation of a civil right.

IV.   **CONCLUSION**

As it stands, Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Plaintiff leave to file an amended complaint within **30 days** from the date of the Order filed concurrently with this memorandum, on or before **April 19, 2021.**

An appropriate Order follows.

Dated: March 19, 2021                                              *s/ Karoline Mehalchick*
                                                                   **KAROLINE MEHALCHICK**
                                                                   **United States Magistrate Judge**